IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CONNIE JEAN LODICE                                                                PLAINTIFF

v.                                    NO. 2:11CV00181-BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration[1]                                                 DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff Connie Jean Lodice has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Widow's Insurance benefits, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.[2]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. She has been substituted for named Defendant Michael J. Astrue under Fed.R.Civ.P. 25.

[2] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #16)

Ms. Lodice alleged that she was limited in her ability to work by lupus, arthritis, bilateral carpal tunnel syndrome, diabetes, and pain in her neck. (Tr. 193) After conducting an administrative hearing, the Administrative Law Judge[3] (ALJ) concluded that Ms. Lodice had not been under a disability within the meaning of the Social Security Act at any time through January 19, 2010, the date of his decision. (Tr. 32) On August 11, 2011, the Appeals Council received and considered additional evidence and then denied the request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.[4] (Tr. 1-3) She then filed her complaint initiating this appeal. (Docket #1)

Ms. Lodice was 52 years old at the time of the hearing. (Tr. 22, 36, 136, 145) She is a high school graduate in regular classes with one year of college. (Tr. 198) She has no past relevant work. (Tr. 31)

The ALJ found that Ms. Lodice met the non-disability requirements for disabled widow's benefits and that she had not engaged in substantial gainful activity since January 1, 1987, her alleged onset date. (Tr. 24) He found that Ms. Lodice had "severe" impairments: discoid lupus,[5] obesity, hypertension, diabetes mellitus, degenerative joint disease of the spine and mild carpal tunnel syndrome. *Id.* He found she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 29) He judged that Ms. Lodice's allegations regarding the intensity, persistence and limiting effects of her symptoms were not totally credible. (Tr. 31)

---

[3] The Hon. W. Thomas Bundy.

[4] The Appeals Council set aside two earlier decisions. (Tr. 1, 6)

[5] Discoid lupus is a set of skin changes that can occur as a part of lupus, with or without systemic involvement. The Merck Manual 309 (19th ed. 2011).

Based on these findings, the ALJ concluded that Ms. Lodice retained the residual functional capacity for light work. (Tr. 29-30) He determined that she had no past relevant work. (Tr. 31)

The ALJ applied Ms. Lodice's vocational profile and the residual functional capacity which he had found, and established that Rules 202.20 and 202.13, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled. (Tr. 32) Thus, the ALJ concluded that Ms. Lodice was not disabled. *Id.*

Plaintiff argues the Appeals Council failed to properly consider new evidence that she had a mental impairment. (Plaintiff's Brief 10-13) She does not explain in what manner the Appeals Council failed to properly consider the new evidence, other than to argue it is, in part, contrary to the ALJ's decision.

When new and material evidence is submitted to the Appeals Council,

> [t]he Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. 20 C.F.R. § 404.970(b). The newly submitted evidence is to become part of what we will loosely describe here as the "administrative record," even though the evidence was not originally included in the ALJ's record. *Browning v. Sullivan*, 958 F.2d 817, 823 n. 4 (8th Cir. 1992). If the Appeals Council does not consider the new evidence, a reviewing court may remand the case to the Appeals Council if the evidence is new and material. See *Williams v. Sullivan*, 905 F.2d 214, 217 (8th Cir. 1990). If, as here, the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision. *Browning*, 958 F.2d at 823.

*Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)(footnote omitted).

It is clear that the Appeals Council considered the evidence Ms. Lodice submitted.[6] (Tr. 1, 7)

> Once it is clear that the Appeals Council has considered newly submitted evidence, we do not evaluate the Appeals Council's decision to deny review. Instead, our role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. See, *e.g.*, *Nelson*, 966 F.2d at 366, and *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir.1992)

*Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

Ms. Lodice alleged she was limited in her ability to work by lupus, arthritis, bilateral carpal tunnel syndrome, diabetes and neck pain. (Tr. 193) There is no mention in her application of mental impairment. *Id.* Neither was there testimony of any mental impairment. (Tr. 37-48)

Ms. Lodice's present application makes no mention of disabling mental impairment. Therefore, the evidence concerning this problem, which might support a new application, has no bearing on the conditions that she has alleged as disabling. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001) (fact claimant did not allege depression in her application was significant, even if evidence of depression was later developed). The ALJ was under no obligation to investigate a claim that was not presented at the time of application or offered at the hearing as a basis for disability. *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008).

---

[6]Ms. Lodice submitted two separate batches of evidence to the Appeals Council. In February, 2011, she submitted medical records from Ralph Goodman, M.D. (Tr. 14, 441-66) In March, 2011, she submitted records from Counseling Services of Eastern Arkansas, dated January 23, 2008 through December 20, 2010. (Tr. 9, 467-548) Some of those records are from after the date of the ALJ's opinion, and thus not material to the time in question. (Tr. 467-91, 553-54, 569-79) Also in March, 2011, she submitted records from Sandy Winston, M.D., dated July 31, 1997, through December 23, 2010. (Tr. 9, 549-701) Some of those records were dated after the ALJ's decision. (TR. 553-54, 569-79) Some are duplicates of records submitted to the ALJ. (Tr. 229-38, 607, 16) Some deal with medical issues unrelated to the case, such as mammograms. (Tr. 560, 564-66)

The ALJ even asked Ms. Lodice's attorney[7] whether there was other relevant evidence:

> ALJ:  So as best you can tell, we now have all the medical available at this point that would pertain to the period that is the focus of attention?
>
> ATTY:  Yes, sir.

(Tr. 42)  Plaintiff's argument lacks merit.

Next, Ms. Lodice argues it was error to rely on the Medical-Vocational Guidelines to find her not disabled.  (Plaintiff's Brief 13-14) She points to *King v. Astrue*, 564 F.3d 978 (8th Cir. 2009), in support of her argument that the ALJ's reliance on the Guidelines was inappropriate because of her mental impairment.  Here, the record supported the finding that Ms. Lodice had no nonexertional impairment that significantly affected her residual functional capacity to perform a full range of light work activities.  During the relevant time period, she was not seen frequently; she was prescribed medications, which helped; the medications had no side effects.  She was depressed in part because of the death of her mother and her husband.[8]

Ms. Lodice next contends that the ALJ failed to adequately discuss her residual functional capacity as contemplated by Social Security Ruling 96-8p.  (Plaintiff's Brief 14-15)  The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of her limitations.  *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003).

---

[7] Ms. Lodice was represented by different counsel at the hearing.  (Tr. 22)

[8] One's circumstances in life do not rise to the level of disability contemplated by the Social Security Act.  *See Dunahoo v. Apfel*, 241 F.3d at 1037 (depression was situational).

The ALJ's residual functional capacity determination clearly included physical functioning, as called for by the Ruling and 20 C.F.R. §§ 404.1545(b) and 416.945(b) (2009).[9] Consistent with the Ruling, the ALJ narratively discussed medical evidence, subjective complaints and other evidence; he recognized that Ms. Lodice's impairments created limitations and incorporated those limitations into his residual functional capacity. (Tr. 25-30)  A fair reading of the ALJ's opinion reveals that he properly determined Ms. Lodice's residual functional capacity.  Her argument seeks to place the burden of proof on the Commissioner.  It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity.  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005).

Next, Ms. Lodice contends the ALJ failed in his duty to develop the record. (Plaintiff's Brief 15-19)  She argues that the ALJ had a duty to re-contact her treating physicians. *Id.* 18-19.  The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.[10] *See, e.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001).  In this case, the record before the ALJ was sufficient for him to make an informed decision.

---

[9] Both § 404.1545 and 416.945 also contain a paragraph (c) for mental functioning and (d) dealing with other abilities affected by impairments, such as vision, hearing, skin impairments, etc.  There were no such impairments presented to the ALJ.

[10] The ALJ reviewed Ms. Lodice's medical history from 1981 to August, 2009. (Tr. 25-29)  He noted the examination of Plaintiff by Mark Harriman, M.D., an orthopaedist.  (Tr. 25)  The doctor noted she was in good health with excellent range of motion in the neck; her strength and reflexes were fine; she had no atrophy.  (Tr. 252)  The ALJ reviewed treatment records from Pat Bell, D.O., and William F. Winston, II, D.O., which were unremarkable.  (Tr. 25-26, 228-38, 252-346)  He noted the results of a September of 2008, examination by Scott Schlesinger, M.D., neurosurgeon.  (Tr. 26)  Dr. Schlesinger noted a normal gait, full muscle strength and generally excellent physical functioning. (Tr. 437-440)  The ALJ noted a July, 2009, examination by Jasen C. Chi, M.D., rheumatologist/internist.  (Tr. 26-27)  Dr. Chi noted normal findings with possibly mild abnormalities, and observed that Plaintiff's pain reaction seemed "well out of proportion to my level of palpation." (Tr. 424-25)

One point deserves clarification.  Ms. Lodice asserts that Lon Burba, M.D., treating neurologist, provided an opinion that she was disabled.  (Plaintiff's Brief 18)  Dr. Burba wrote a letter to Social Security, apparently at the behest of Plaintiff's attorney.  (Tr. 385)  It stated, in pertinent part, "She is unable to perform a job for which she is trained due to her current combination of medical illnesses."  (Tr. 385)  That does not equate with disability under Social Security.

Plaintiff bears a heavy burden in showing the record has been inadequately developed; she must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Gilmore v. Astrue*, 2009 WL 559696, *4 (E.D. Ark); *Haley v. Massanari*, F.3d 742, 750 (8th Cir. 2001).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *Van Vickle v. Astrue,* 539 F.3d 825, 828 (8th Cir. 2008).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401.  The Commissioner's decision is not based on legal error.

The final determination of the Commissioner is AFFIRMED, and Ms. Lodice's complaint is hereby dismissed with prejudice, this 12th day of March, 2013.

                                                    UNITED STATES MAGISTRATE JUDGE